## 11078

### STATE v. OWENS
(116 S. E., 927)

INTOXICATING LIQUORS.—Where evidence insufficient to prove possession of liquor verdict for defendants should have been directed.

Before C. J. RAMAGE, Special Judge, Cherokee, Spring Term, 1922.    Reversed.

George Owens and P. Green and others indicted for having in unlawful possession alcoholic liquors.    Upon conviction the defendants named appeal.

A brief statement of the facts is as follows:

The defendants-appellants with others were in an automobile going from Gaffney to Kings Mountain; that somewhere between Blacksburg and Gaffney they had tire trouble; that while they were stopped fixing the tire, two Mr. Allisons, who are rural policemen for Cherokee County, drove up and got out of their car to render aid to the broken down party; that just about the time that the Allisons stopped the other car started off; that one of the Allisons said that he smelled whiskey, and that some one in Mr. Owens' car threw something out of the back of his car; that Allison went to where the package fell and there found a fruit jar with some whiskey in it; that there were several people in Mr. Owens' car, and that in the stopping

of Mr. Owens' car and arresting of the party two of the men escaped.

Mr. Owens and P. Green were sitting on the front seat of the automobile.

*Messrs. C. P. Sims* and *S. G. Southard,* for appellants, cite: *Verdict should have been directed:* 79 S. E., 106.

*Mr. I. C. Blackwood, Solicitor,* for the State.

December 29, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellants were charged with unlawful possession of alcoholic liquors and unlawfully transporting the same. They were tried, convicted, and sentenced. A motion for a directed verdict was made in their behalf at the close of the testimony, which was refused by his Honor. The exceptions challenge the correctness of this ruling. The exceptions must be sustained. There was not sufficient evidence to warrant a conviction as to the appellants. There is lack of evidence that either of the appellants were guilty as charged, and a verdict of not guilty should have been directed by his Honor.

Judgment reversed.